Zach Hofheimer and Arthur Clements, for plaintiff in error.

P. E. O'Neil, for defendant in error.

Mr. Presiding Justice O'Connor delivered the opinion of the court.

## Abstract of the Decision.

1. Attorney and client, § 10*—*when evidence shows attorney to be acting in interests of third person.* Evidence *held* to show that in giving to defendant a receipt in full of plaintiff's claim the attorney by whom such receipt was given was not acting in the interests of plaintiff but of defendant, and that plaintiff was not bound thereby.

2. Attorney and client, § 10*—*right to represent adverse litigants.* Attorneys at law cannot accept employment from adverse litigants at the same time and in the same controversy.

---

## Charles B. Travis, Defendant in Error, v. George F. Leibrandt, Plaintiff in Error.

### Gen. No. 22,095.   (Not to be reported in full.

Error to the Municipal Court of Chicago; the Hon. John Courtney, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1916. Affirmed. Opinion filed· May 31, 1917.

## Statement of the Case.

Action by Charles B. Travis, plaintiff, against George F. Leibrandt and the Lincoln State Bank of Chicago, a corporation, defendants, to recover $111. The case was tried before the court without a jury and, after evidence was introduced, plaintiff dismissed

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

Kenna v. Calumet, Hammond & Southeastern R. Co., 206 Ill. App. 17.

as to the Lincoln State Bank and there was a finding and judgment against defendant Leibrandt for the amount of plaintiff's claim, to reverse which he prosecutes this writ of error.

HARRY A. BIOSSAT, for plaintiff in error.

ELLIS & WESTBROOKS, for defendant in error.

MR. PRESIDING JUSTICE O'CONNOR delivered the opinion of the court.

## Abstract of the Decision.

PRINCIPAL AND AGENT, § 224*—*when burden of proving agency is on defendant.* In an action against one to recover commissions on the sale of stock, where defendant claims that in making the agreement for such sale he was acting as agent and not for himself, the burden of proving the agency is on him.

Michael J. Kenna, Appellee, v. Calumet, Hammond & Southeastern Railroad Company, Appellant.

## Gen. No. 21,961.

1.   COURTS, § 158*—*what federal court decisions are binding on State courts.* The conclusions reached in regard to federal questions by federal courts inferior to the United States Supreme Court, while persuasive, are not binding on State courts, but in the consideration of such questions the State courts are bound only by the decisions of the United States Supreme Court.

2.   CARRIERS, § 14*—*what duties assumed by organizing under Railroad Act.* By organizing under the general Railroad Act (J. & A. ¶ 8735 *et seq.*), the duty is assumed of serving the public as a common carrier, without discrimination and subject to the Legislature's regulatory power.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.